UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Criminal No. 18-56 (DWF/DTS) |
| Plaintiff, | |
| v. | **MEMORANDUM OPINION AND ORDER** |
| Jonathan Alan Fox, | |
| Defendant. | |

Jordan S. Kushner, Esq., Law Office of Jordan S. Kushner, counsel for Defendant.

Kimberly A. Svendsen, Assistant United States Attorney, United States Attorney's Office, counsel for the Government.

## INTRODUCTION

This matter is before the Court on Defendant Jonathan Alan Fox's ("Fox") motion for compassionate release in light of the COVID-19 pandemic.[1] (Doc. Nos. 56, 68 (collectively, ("Motion")).) The United States of America (the "Government") opposes Fox's Motion.[2] (Doc. No. 71.) For the reasons discussed below, the Court respectfully denies Fox's Motion.

---

[1]  On June 18, 2020, Fox filed a *pro se* motion for compassionate release. (Doc. No. 56 ("*pro se* Motion").) Fox was appointed counsel on August 6, 2020. (Doc. Nos. 60, 61.) On August 25, 2020, Fox's attorney filed a supplemental memorandum in support of releasing Fox pursuant to 18 U.S.C. § 3582(c)(1)(A). (Doc. No. 68 ("Def. Memo.") (collectively with *pro se* Motion ("Motion")).)

[2]  The Court also received and considered Fox's reply to the Government's opposition. (Doc. No. 75 ("Reply").)

## BACKGROUND

On November 30, 2018, Fox pled guilty to one count of wire fraud in violation of 18 U.S.C. § 1343.[3] (Doc. Nos. 38, 40 ("Plea Agreement").) On April 26, 2019, this Court sentenced him to 42 months' imprisonment to be followed by a three-year term of supervised release.[4] (Doc. Nos. 53, 54.) Fox is currently incarcerated at Duluth FPC in Minnesota. BOP Inmate Locator, https://www.bop.gov/inmateloc/ (last accessed September 14, 2020). According to the Bureau of Prisons ("BOP"), Fox's release date is May 14, 2022. *Id*.

Fox now moves for compassionate release pursuant to 18 U.S.C. § 3582(c) on the grounds that he suffers from obesity, chronic hepatitis, and major depressive disorder.[5] (*Pro se* Motion at 2, Exs. D, E; Def. Memo. at 5-6; Reply at 1-4; *see also* Doc. No. 69 at 2-36 ("Medical Records").) Fox argues that release is warranted because his medical conditions place him at risk of severe illness from COVID-19 and because he is a "non-violent first time offender who has unwaveringly accepted responsibility for his offense, has a stellar record in prison, and can demonstrate rehabilitation." (Def. Memo. at 1.) Moreover, he asserts that he poses no threat to the safety of the community and that any

---

[3]     From in or about September 2011 through in or about February 2017, Fox "knowingly devised and executed a scheme to defraud and to obtain money and property, including airplane parts worth more than $2.5 million from Victim Company by means of materially false and fraudulent pretenses, representations, and promises, and concealment of material facts." (Plea Agreement ¶ 2.)

[4]     Fox's Guidelines sentence range was 63-78 months. (*See* Doc. No. 43 ¶ 70.)

[5]     As of May 20, 2021, Fox's body mass index was greater than 40. (Medical Records at 15.)

2

policy concerns about requiring him to serve the full length of his sentence are outweighed by the public health danger he faces in prison.[6]  (*Id.*)

## DISCUSSION

Under 18 U.S.C. § 3582(c)(1)(A)(i), a Court may reduce a defendant's term of imprisonment if it finds that "extraordinary and compelling reasons warrant such a reduction" and "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."  18 U.S.C. § 3582(c)(1)(A)(i).  The Court must also consider the sentencing factors set forth in 18 U.S.C. § 3553(a) "to the extent they are applicable."  18 U.S.C. § 3582(c)(1)(A).

The Sentencing Commission's policy statement addressing reduction of sentences under § 3582(c)(1)(A) asserts in relevant part that a court may reduce a defendant's term of imprisonment after considering § 3553(a) factors if it finds that:  (1) "extraordinary and compelling reasons warrant the reduction;" (2) "the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g);" and (3) "the reduction is consistent with this policy statement."[7]  USSG § 1B1.13

---

[6]  Fox argues that while his health condition would provide sufficient justification for release from any prison in the United States, the conditions at Duluth FPC are particularly dangerous in part due to several positive inmates despite limited testing.  (*See pro se* Motion at 3, Def. Memo. at 14; Reply at 4-5.)  He argues further that ongoing lockdown at the facility has limited his ability to control his weight.  (*pro se* Motion at 1; Def. Memo. at 5.)

[7]  While the policy statement refers only to motions filed by the BOP Director, the Court construes the statutory command pursuant to § 3582(c)(1)(A)(ii) that any sentence reduction be "consistent with applicable policy statements issued by the Sentencing Commission" to mean that the Statement also applies to motions filed by defendants.

3

("Statement"). The Statement includes an application note that defines "extraordinary and compelling reasons" as (1) medical conditions which diminish the ability of the defendant to provide self-care in prison and from which he or she is not expected to recover, (2) age-related deterioration, (3) family circumstances, and (4) other extraordinary and compelling reasons that exist either separately or in combination with the previously described categories.[8]  *Id.*

Notwithstanding, a defendant may move for a sentence reduction only after complying with an exhaustion requirement. 18 U.S.C. § 3582(c)(1)(A). Specifically, a defendant may move for a sentence reduction "[1] after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or [2] the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . ."[9]  *Id.*

The record reflects that Fox requested compassionate release from the warden at Duluth FPC on May 19, 2020. (Doc. No. 69 at 41.) Fox was notified five days later that his request had been received and that if he did receive a response within 30 days, he could consider his request denied. (*Id.*) Fox asserts, and the Government does not

---

[8]     The Statement cites examples of qualifying medical conditions including metastatic solid-tumor cancer, amyotrophic lateral sclerosis, end-stage organ disease, and advanced dementia. Statement at n.1(A)(i).

[9]     While judicially created exhaustion requirements may sometimes be excused, no exception applies to a statutory command such as that presented in Section 3582(c)(1)(A). *See Ross v. Blake*, 136 S. Ct. 1850, 855-57 (2016) (rejecting judicially created "special circumstances" exception to the exhaustion requirement unambiguously stated in the Prison Litigation Reform Act of 1995).

4

contest, that he did not receive a response. Accordingly, the Court finds that Fox has exhausted his administrative remedies and considers his Motion on the merits.

Notwithstanding, after a careful review of Fox's Motion and supporting documentation including his Medical Records, the Court finds that Fox's circumstances do not meet the demanding standard for compassionate release. The Court recognizes the seriousness of the risk that Fox faces in light of the COVID-19 pandemic, particularly due to his obesity and chronic hepatitis.[10] The Court also recognizes the challenges imposed by suffering from depression, and Fox's belief that Duluth FPC has failed to properly mitigate the spread of COVID-19 and limited his ability to provide self-care. Nevertheless, as of September 14, 2020, no inmate or staff person at Duluth FPC was positive for COVID-19, and just one person had recovered. *See* Federal Bureau of Prisons, COVID-19 Cases, https://www.bop.gov/coronavirus/index.jsp (last accessed September 14, 2020). Moreover, the record reflects that Fox's health conditions are being monitored. (*See* Medical Records.) Accordingly, the Court finds that Duluth FPC has taken appropriate measures to mitigate the spread of COVID-19 and finds no basis to conclude that it is or will be unable to accommodate Fox's specific concerns.[11]

---

[10]  According to the Centers for Disease and Prevention ("CDC"), persons with a body mass index of 30 or higher are at increased risk for severe illness from COVID-19, CDC, People of Any Age with Underlying Medical Conditions, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last accessed September 14, 2020). Persons with chronic liver disease may also be at increased risk for severe illness from COVID-19. *Id.*

[11]  The Court also notes that Effective March 13, 2020, the BOP required all of its facilities to implement a set of measures "to mitigate the spread of COVID-19" and "to ensure the continued effective operation of the federal prison system." *See* Federal

More importantly, the Court finds that a reduction in sentence is not appropriate in this this case because release is not supported by the factors set forth in 18 U.S.C. § 3553(a).[12]  Fox has served just over 1/3 of his sentence.  While he contends that any policy concern about a nearly 2/3 sentence reduction is outweighed by the public health danger he faces in prison, the Court finds that such a reduction would not adequately address the seriousness of the charges of Fox's conviction, promote respect for the law or provide a just punishment.  Moreover, the Court observes that Fox's fraudulent scheme endured for nearly five and half years and impacted more than one victim company.  Therefore, while Fox's crime was not violent, the Court cannot conclude that he poses no danger to society after serving such a small portion of his sentence.[13]

---

Bureau of Prisons, BOP COVID-19 Action Plan, https://www.bop.gov/resources/news/20200313_covid-19.jsp (last accessed September 14, 2020).  Those steps include limiting visits and internal movement, increased hygiene measures, and screening of both staff and inmates.  (*Id.*)  Current measures also include a 14-day isolation period, and limited group gatherings ("Plan").  *See* Federal Bureau of Prisons, BOP COVID-19 Action Plan Phase V, https://www.bop.gov/resources/news/20200331_covid19_action_plan_5.jsp (last accessed September 14, 2020).  The BOP periodically updates its Plan and is currently in Phase IX.  BOP COVID-19 Action Plan Phase VII, https://prisonology.com/wp-content/uploads/2020/08/COVID-19-Phase-9-COVID-Action-Plan.pdf.  (last accessed September 14, 2020); *see also* BOP Implementing Modified Operations, https://www.bop.gov/coronavirus/covid19_status.jsp (last accessed September 14, 2020.)

[12]     The Court also briefly notes that Fox already received a downward variance from his Guidelines range of 63-78 months, in part based on some of the arguments he now makes.  (*See* Doc. No. 55 at 3.)

[13]     The Court understands that Fox feels remorse for his actions and commends him for his commitment to rehabilitation.  Notwithstanding, the Court cannot conclude that release is appropriate at this time.

In short, while the Court understands the gravity of the COVID-19 pandemic and recognizes Fox's specific concerns, the Court finds that the circumstances do not present an extraordinary and compelling reason to warrant release.

## CONCLUSION

For the reasons set forth above, the Court declines to grant compassionate release in large part because the § 3553(a) sentencing factors weigh against it.

## ORDER

Based upon the foregoing, and on all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendant Jonathan Alan Fox's motion for compassionate release (Doc. No. [56]) is respectfully **DENIED**.

Date:  September 17, 2020             \_\_\_\_\_ s/Donovan W. Frank
                                      DONOVAN W. FRANK
                                      United States District Judge